**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                                          Case No.: 6:23-bk-00162-LVV
                                                               **Chapter 11**
**ANTONIA LEMONT TATE,**                                        Subchapter V

              Debtor.
_____/

**MOTION PURSUANT**
**TO RULE 9019 TO APPROVE COMPROMISE AND SETTLEMENT**
**OF RAPID GROWTH HOLDINGS, LLC CLAIMS AGAINST DEBTOR**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Debtor, **ANTONIA LEMONT TATE** ("Debtor"), as Debtor-In-Possession ("Debtor") in

the above-referenced case, moves pursuant to Section 105 of Title 11, United States Code, and

Rules 2002, 7041, and 9019, Federal Rules of Bankruptcy Procedure ("Rule(s)"), and moves for

the entry of an order approving the settlement and compromise of the claims asserted by the Debtor

and Rapid Growth Holdings, LLC ("RGH" or "Creditor") against each other, as set forth in **Exhibit A** attached hereto.  In support thereof, the Debtor states as follows:

## Jurisdiction and Venue

1.      This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2), including, but not limited to, subsections (A), (E), and (O), and this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

2.      Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

3.       On January 17, 2023, the Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"); and on March 3, 2023, the Debtor filed an Amended Petition under Chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, Case Number 6:23-bk-00162-LVV.

4.      Creditor filed Claim 13 in this case in the amount of $854,628.99, secured by a final foreclosure judgment on certain real property, described as 1056 Lakeside Estates Drive, Apopka, Florida, 32703, (the "Collateral") owned by the Debtor and his Spouse.

5.      On May 9, 2023, Debtor filed a Complaint to Avoid Preferential Lien, Adv. Proc. No. 6:23-ap-00044-LVV (Doc. No. 1) [the "Complaint"].

9.      The Debtor, Sherri Tate ("Debtor's Spouse") and Creditor (the Debtor, Debtor's Spouse and Creditor are collectively the "Settlement Parties") have been engaged in settlement negotiations, and the Parties have been able to reach a settlement of all claims the Parties may have against each other, including the Complaint.

**The Compromise**

10.     Through negotiations between the Parties, in their business judgment, have reached a settlement, a true and correct copy of the Mediated Settlement Term Sheet Agreement and the Supplement to Mediated Settlement Term Sheet Agreement (collectively the "MSA") is attached hereto as **Exhibit A**, subject to this Court's approval, the terms of which are summarized[1] below.

11.     In order to fully resolve all claims the Parties may have against each other, including the Complaint, the Settlement Parties have agreed as follows:

a.      The Debtor and non-debtor spouse shall:

1.  Pay all outstanding real estate taxes and pay pro-rated 2023 real estate taxes; and

2.  Convey marketable title to the Homestead in favor of RGH or its assigns without the imposition of documentary stamp taxes pursuant to 11 U.S.C.1146 only in full satisfaction of the secured portion of RGH's claim.

b.      The Debtor shall:

1.  Amend his plan of reorganization to include the provisions of the Stipulation.

2.  The Debtor shall dismiss without prejudice its case styled Debtor v. RGH, Case No. 6:23-ap-00044-LVV.

c.      RGH will vote in favor of the amended plan.

12.     The Settlement, if fully performed, includes a full and complete mutual release of all claims that the Debtor and Creditor may have against each other.

---

[1] To the extent there is any conflict between the summary language in this 9019 Motion and the terms of the Settlement, the terms of the Settlement – attached as an exhibit hereto – shall govern and control the agreement amount the parties.

13.    Notwithstanding the foregoing, should for any reason the Plan not be confirmed with terms acceptable to RGH, the Parties shall seek Dismissal of the Bankruptcy Case and endeavor to perform the terms outside of Bankruptcy.  For the avoidance of doubt this Agreement shall survive Dismissal of the Bankruptcy Case in order that the Property be conveyed to RGH or its assigns.

13.    In reaching this settlement Creditor acknowledges that Debtor made no admission as to any liability, wrongdoing or taking any form of improper action and that Debtor has agreed to this compromise only because the nature of the potential litigation is expensive and protracted. The Debtor believes it is in his best interest to enter into this compromise.

### The Standard for Approval of a Compromise

14.    The standard for approval of a compromise under F. R. B. P 9019 requires an analysis of four factors announced in the case of *Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544, (11th Cir. 1990). The factors are: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. Id. at 1549.

### The Best Interest of the Estate

15.    The Debtor contends that the settlement, as fully outlined in the attachment and as described above, is in the best interests of the estate.

16.    The Debtor has negotiated this settlement based upon the standards announced in *In re Justice Oaks II, Ltd*., 898 F.2d 1544 (11th Cir. 1990).

17.     Consistent with the requirements of F. R. B. P. 9011, the Debtor has evaluated all claims.

18.     The litigation between the Debtor and Creditor is likely to become intense if not resolved and will require substantial additional time to be spent on discovery and on trial time.

19.     The proposed settlement eliminates the uncertainty of litigation and resolves the issue in a timely manner.

20.     In reaching this Settlement based upon his business judgment, the Debtor has considered the impact on ALL creditors and has concluded that the Settlement is in the best interests of ALL creditors.

RESPECTFULLY SUBMITTED this 10th day of October, 2023.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: jeff@bransonlaw.com
BransonLaw, PLLC
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the **MOTION PURSUANT TO RULE 9019 TO APPROVE COMRPOMISE AND SETTLEMENT OF RAPID GROWTH HOLDINGS, LLC CLAIMS AGAINST DEBTOR** has been furnished on this 10th day of October, 2023, by electronic transmission and/or prepaid first class US mail to: to the parties who are currently on the list to receive e-mail notice/service for this case and via regular U.S. Mail to the following:  U.S. Trustee, 400 W. Washington Street, Orlando, FL 32803; Debtor, Antonia Lemont Tate, 3415 West Lake Mary Blvd. Suite 950702, Lake Mary, FL 32795;  Rapid Growth Holdings, LLC, c/o John J. Bennett, Esq., 135 W. Central Blvd., Ste. 300 Orlando, Florida, 32801; and the parties on the attached matrix.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
(www.flmb.uscourts.gov)

IN RE:        ANTONIA LEMONT TATE,                    Case No: 6:23-bk-00162-LVV
              Debtor                                  Chapter 11
                                                      Subchapter V
_____/

## MEDIATED SETTLEMENT TERM SHEET AGREEMENT

On June 28, 2023, Roy S. Kobert served as the mediator ("Mediator") selected by the agreement of the Parties. In attendance were the Parties identified in the signature blocks at the end of this document. As a result of the videoconference mediation session, Antonia Tate ("Debtor") and Rapid Growth Holdings, LLC (RGH"), (collectively "the Parties"), reached the following mediated result:

1.        This Mediated Settlement Term Sheet Agreement ("Agreement")[1] is being entered into for the specific purpose of reaching a resolution of the issues between the Parties in this above-styled proceeding(s) and pursuant to the June 15, 2023 *Order Directing Mediation* (Doc. 143) ("Mediation Order") without having to undertake the expense, time and attendant risks inherent in litigation to adjudicate the respective claims, counterclaims and defenses raised or that could have been raised by the Parties.

2.        Within ten (10) business days following execution of this Agreement, the Parties shall execute a comprehensive settlement agreement ("CSA") and accompanying forms, encompassing the following terms which are only provided in summary fashion herein and are specifically not meant to address the more detailed

---

[1] All capitalized terms are as defined herein or in the Plan or as commonly used in 11 USC Sec. 101 et. seq.

INITIAL HERE: ─DS
ALT

1

comments of counsel to be incorporated in the CSA. The Mediator shall facilitate and assist the Parties in memorializing the spirit and intent of this Agreement, (failing which this Agreement shall be enforceable and shall constitute the CSA) and under the guise of the mediation privilege, shall continue to lead any residual negotiations between the Parties with the stated end goal: *an executed CSA incorporating the following salient terms*:

    3.    The Debtor and his non-debtor spouse own the real property located at 1056 Lakeside Estates Drive, Apopka, FL 32703 ("Homestead"). On or before the earlier of the Effective Date of the Plan or September 30, 2023, the Debtor and non-debtor spouse shall (i) pay all outstanding real estate taxes and pay pro-rated 2023 real estate taxes (ii) convey marketable title to the Homestead in favor of  RGH or its assigns without the imposition of documentary stamp taxes pursuant to 11 U.S.C.1146 only in full satisfaction of the secured portion of RGH's claim.

    4.    Failure of the Debtor to complete all tasks timely in paragraph 3 shall automatically cause (i) the entry of a non-dischargeable judgment in favor of RGH or its assigns and (ii) the non-debtor spouse shall not be released from liability in favor of RGH.

    5.    Debtor represents that the Property is in good working order. The Debtor shall turnover the Property in its current condition, other than normal wear and tear, including with all existing fixtures and appliances. Within 7 days of execution of this Agreement, a mutually agreeable agent shall take exterior and interior pictures of the Property, including every bathroom, bedroom and all common areas.

INITIAL HERE:


2

6.      Debtor stipulates to a value of RGH's secured claim in the amount of $750,000 with the balance allowed as a general unsecured claim.

7.      Attached is the proposed amendments to the Plan consistent with this Agreement. RGH shall vote in favor of the Plan.

8.      The Debtor shall dismiss without prejudice its case styled Debtor v RGH; Case No. 6:23-ap-00044-LVV.

9.      Debtor shall consent to an extension through September 30, 2023 for RGH to file a complaint seeking their debt not to be dischargeable under 11 U.S.C. 523 and/or non-dischargeability under 11 U.S.C. 727.

10.     Notwithstanding the foregoing, should for any reason the Plan not be confirmed with terms acceptable to RGH, the Parties shall seek Dismissal of the Bankruptcy Case and endeavor to perform the terms outside of Bankruptcy. For the avoidance of doubt this Agreement shall survive Dismissal of the Bankruptcy Case in order that the Property be conveyed to RGH or its assigns.

11.     **No Admission.** Nothing herein constitutes an admission by any party. The Parties agree that they are affirmatively bound by the terms of this Agreement and shall act in conformity therewith pending entry of an Order approving this Agreement, unless or until this Agreement is not approved in the proceeding.

12.     **Mediation Privilege.** This Agreement and all communications between the Parties related to this Agreement shall be subject to the mediation confidentiality provisions.

INITIAL HERE: 

3

13.  **Mutual Release.**  Upon approval of this Agreement by Final Order, the Debtor releases RGH and  and upon completion of all affirmative duties contined in this Agreement, then In consideration of the payments and actions called for herein, each of the Parties, on behalf of themselves and their respective predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, shareholders, agents, employees, servants, attorneys and representatives, as well as the respective heirs, personal representatives, successors and assigns of any or all of them, fully, finally and forever release, acquit and discharge the other Parties and their respective predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, shareholders, agents, employees, servants, attorneys and representatives, as well as the respective heirs, personal representatives, successors and assigns of any or all of them, of and from any and all claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, in contract or in tort, at law or in equity, from the beginning of time to the date of this Agreement, which the Parties ever had, now have, may have, or claim to have, against each other, including but not limited to claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities of any kind arising out of or related to the Lawsuit and the facts, acts, or omissions that are the subject of the Lawsuit.

14.  **Bankruptcy Court Approval.**  This Agreement is subject in all respects to the entry of an order by the Bankruptcy Court approving this Agreement that becomes a Final Order.  For purposes of this Agreement, "Final Order" means an order, judgment,

INITIAL HERE:

ALT

4

ruling or other decree (or any revision, modification or amendment thereto) issued and entered by the Bankruptcy Court in the Bankruptcy Case, which order, judgment, ruling or other decree has not been reversed, vacated, stayed, modified, supplemented or amended and as to which (i) no appeal, petition for review, re-argument, rehearing, reconsideration or certiorari has been taken and is pending and the time for the filing of any such appeal, petition for review, re-argument, rehearing, reconsideration or certiorari has expired, or (ii) such appeal or petition has been heard and dismissed or resolved and the time to further appeal or petition has expired with no further appeal or petition pending.  The Parties agree to support entry of a Final Order and waive the right to oppose entry of a Final Order, including any appeal.  The Parties may jointly agree to waive the requirement of a Final Order in their sole discretion.

15.    **Abatement:**  Except as otherwise provided herein, The Parties agree to abate any actions in any litigation pending before the court with subject matter jurisdiction over this agreement or any other ancillary matters, except to secure extensions of any operative deadline or to secure any tolling agreement for any statue limitations unless expressly waived.

16.    **Warranty of Free Consent.**  Each Party acknowledges and warrants that such Party:

(a)    executed this Agreement without any threat, force, fraud, duress, or representation of any kind by any person or entity;

(b)    is aware of the rights to which such Party would otherwise be entitled;

INITIAL HERE:

(c)  has had a full and adequate opportunity to investigate the nature and extent of the claims such Party has against the other and has decided to enter into this Agreement;

(d)  has had the opportunity to have full and appropriate representation by counsel of such Party's own choice and that, after consultation with such party's respective attorneys, after being duly apprised of its rights with respect to the Agreement, each freely accepts the terms, conditions and revisions of this Agreement and enters into this Agreement voluntarily and without any coercion or constraint; and

(e)  has cooperated in the drafting and preparation of this Agreement and, in connection with any construction of any provision to be made of this Agreement, has agreed such provision shall not be construed against any party on the basis that any party was the drafter, but that instead the language of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning and not strictly for or against any party.

17.  **Litigation Expenses.**  If any Party seeks to enforce such Party's rights under this Agreement by legal proceedings or otherwise, the non-prevailing Party shall be responsible for all of the costs and expenses incurred by the prevailing party in connection with such proceedings, including without limitation attorneys' fees and witness fees; this includes attorney's fees and costs related to determining the amount of fees ("fees for fees").

INITIAL HERE: 

6

18.    **Binding Effect.**  This Agreement shall be binding upon the Parties and their successors and assigns and sets forth the economic terms of the Agreement.  The Mediator shall remain responsible for mediating any disputes over the interpretation of this Agreement prior to any request for adjudication by the presiding Judge.

19.    **Valid Consideration.**  The Parties warrant, represent and acknowledge that this agreement has been executed and delivered by them for adequate consideration and value under all applicable laws, and that this agreement is valid binding and enforceable in accordance with its terms

20.    **Counterparts.**  The Parties may execute this Agreement in counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular  Agreement.  Moreover, a facsimile, DocuSign or email PDF copy of the stipulation or any portions here of including the signature page of any party shall be deemed an original for all purposes.

21.    **Further Assurances,**  Each of the Parties shall, upon reasonable request, execute, procure, and/or deliver in favor of all of the other party any documents as are necessary to effectuate the intent of the Parties in connection with all terms and conditions of this Agreement.  The Parties agree that the Court shall reserve jurisdiction to enforce the terms and conditions of the Agreement.

22.    **Entire Understanding.**  In the event this Agreement becomes the CSA, this Agreement contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Agreement.  This Agreement may be

INITIAL HERE:

7    DS
     $ALT$

altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means. Each Party waives any right to claim that this Agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

23.    **Controlling Law and Exclusive Jurisdiction.**  All matters affecting the execution, interpretation, validity and enforceability of this Agreement shall be subject to, and interpreted under, the laws of the State of Florida. The Court retains exclusive jurisdiction to interpret and implement this Agreement.

24.    **Joint Participation.**    This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof. The fact that any draft of this Agreement was prepared by the Mediator with mere participation of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against any Party. The Parties acknowledge that each has contributed toward the drafting of this Agreement and that this Agreement is the result of negotiations between the Parties before the Mediator.

25.    **Duty of Good Faith and Fair Dealing.** All the Parties shall exercise good faith and reasonable diligence in executing any pleadings or documents intended to further the intent of the parties in agreeing to the terms and conditions set forth herein. Failure to do so will be considered a breach of the duty of good faith and fair dealing then inheres in all Florida contracts.

INITIAL HERE: 

8

26. **Mediation Privilege.** All events, circumstances, proposals, counterproposals, and communications of any kind occurring during or in connection with settlement and mediation activities associated with the controversies addressed herein, shall be and remain confidential pursuant to the applicable statue. This confidentiality privilege may only be waived in writing signed by all parties to this Agreement.

27. **No Waiver.** The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either Party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision or condition hereof.

28. **Fairness.** The Parties acknowledge that each fully understands all of the terms and obligations of this Agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

29. **Time is of the Essence.** Time is of the essence for all matters and duties contained herein. Any failure of the parties to perform their obligations under this Agreement, or any other obligations or agreements set forth shall constitute an additional default under this agreement and shall entitle the non-breaching parties to immediately exercise all remedies available to the non-breaching parties.

30. **Counsel.** All Parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also aware of what their rights would be in the absence of this Agreement.

INITIAL HERE:

DS
$ALT$

9

31.    **No Duress.**  The Parties enter into this Agreement freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud or coercion in entering this this Agreement.

32.    **Severability.** The invalidity, illegality or unenforceability of any provision of this agreement pursuant to judicial decree or otherwise, shall not affect the validity or enforceability of any other provision of this Agreement, each of which shall remain in full force and effect.

*33.*    **Waiver of Trial by Jury.**  *The Parties hereby knowingly, irrevocably, voluntarily, and intentionally waive any right either may have to a trial by jury in respect to any action or proceeding arising out of, or in conjunction with, this Agreement or any other Agreement contemplated to be executed in connection with this Agreement or any course of conduct, course of dealing or actions of any party hereto.    This provision is a material inducement to enter into this Agreement.*

34.    **Binding Effect.**  This Agreement shall be binding upon the Parties hereto and shall also be binding upon and inure to the benefit of the Parties' heirs, assigns, personal representatives, and successors of the respective Parties.

35.    **Gender and Number.**   Words used herein indicating gender or number shall be read as context may require.

36.    **Captions Not Controlling.**  Captions and headings have been included in this agreement for the convenience of the parties and shall not be construed as affecting the content of their respective section.

INITIAL HERE:

$ALT$

37. **Authorization.** Each Party to this Agreement represents that it is duly authorized to execute this Agreement and that the Parties through whom each Party executes this Agreement are fully and duly empowered and authorized to execute same on the respective Party's behalf.

DocuSigned by:

*Antonia L Tate*

Dated: 6/28/2023

Party: Antonia Lemont Tate, Debtor

RAPID GROWTH HOLDINGS, LLC

_____ Dated: _____

Party: Randall Wright, Manager and authorized agent for Rapid Growth

Joined by non-Debtor spouse

DocuSigned by:

*Sherri Tate*

Dated: 7/5/2023

Sherri Tate

INITIAL HERE:

/29602/249#50774492 v1

## Supplement to Mediated Settlement Term Sheet Agreement

Antonia Tate ("Debtor"), Sherri Tate, Rapid Growth Holdings, LLC ("RGH"), and Randy Wright ("Wright") (collectively the "Parties"), hereby enter into this Supplement (the "Supplement") to the Mediated Settlement Term Sheet Agreement, entered into and effective as of effective July 13, 2023 ("MSA").

Except to the extent to expressly stated herein, the terms of the MSA remain binding and in effect. This Supplement is meant only to clarify, supplement, and expand the terms of the MSA. Specifically, the Parties hereto represent, affirm, and agree as follows:

1. Paragraph 2 of the MSA contemplated that the Parties would execute a further agreement finalizing all the terms of the MSA. This Supplement satisfies the terms of Paragraph 2, confirms that the MSA shall constitute the final agreement of the Parties hereto except to the extent supplemented herein, and provides those additional supplementary terms as set out below. The terms of the MSA and Supplement are collectively hereinafter referred to as the "Settlement." Capitalized terms herein not otherwise defined shall have the meaning ascribed to them in the MSA.

2. On February 23, 2022, RGH and other plaintiffs initiated a lawsuit against Antonia Tate and other defendants in the Circuit Court in and for Orange County, Florida with case number 2022-CA-01635 (the "Lawsuit").

3. On September 13, 2022, Debtor filed a third-party complaint in the Lawsuit asserting claims against Wright (the "TPC").

4. Paragraph 13 of the MSA contemplates the general release of the Parties ("Release"). For purposes of clarification and supplementation, the release by the Debtor and Sherri Tate is effective immediately upon approval of the Settlement and includes a release of RGH, Randy Wright, Larry Segal, and N54AP, LLC, together with their

respective present and former, direct and indirect, parents, subsidiaries, affiliates, employees, officers, directors, shareholders, managers, members, agents, representatives, permitted successors, and permitted assigns of and from any and all actions, causes of action, suits, losses, liabilities, rights, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, liens, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands, of every kind and nature whatsoever, whether now known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, accrued or unaccrued, in law, admiralty, or equity which the Debtor or Sherri Tate ever had, now have, or hereafter can, shall, or may have against any of such parties for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the approval of the Settlement arising out of or relating to the Settlement or the Lawsuit, except for any claims relating to rights and obligations preserved by, created by, or otherwise arising out of the Settlement. The release of Debtor in paragraph 13 of the MSA shall be supplemented to include Sherri Tate and Litchain Corp. and shall become effective only upon completion by Debtor and Sherri Tate of all obligations under the Settlement. Nothing herein shall be construed as affecting or modifying when the Release becomes effective, which is described in paragraph 13 of the MSA. Nothing herein shall be construed to limit the claims of any parties, including RGH, to any rights under a plan of reorganization.

5. Immediately upon the approval of this Settlement, Debtor shall dismiss with prejudice the TPC in the Lawsuit. Upon the completion of all obligations by Debtor and Sherri

Tate under this Settlement, RGH shall file a dismissal of any remaining claims in the Lawsuit and file any satisfaction or other document necessary for the public record, but shall retain all rights under a plan of reorganization.

6. Sherri Tate joined the MSA with her signature dated July 5, 2023. By signing below Sherri Tate expressly acknowledges that she is a party to and bound by the terms of this Supplement and the MSA effective as of her signature dated July 5, 2023. Sherri Tate shall take all actions necessary and appropriate to perform all terms, obligations, and covenants of the Settlement, including transfer of marketable title to the Homestead to RGH.

7. The Parties agree that the attached proposed plan shall be the terms for treatment of RGH in any plan proposed or filed by the Debtor.

8. The Parties agree that, with 72-hours notice (excluding Sundays) to the Debtor and Sherri Tate, that RGH may send an appraiser to the Homestead to inspect the Homestead as necessary to reach a valuation.

Agreed to this _____ of August, 2023

_Antonia Tate_
Antonia Lemont Tate

Dated: _____

_Sherri Tate_
Sherri Tate

Dated: _____

_Randy Wright_
Randy Wright

Dated: _____

_Randy Wright_
Rapid Growth Holdings, LLC
By its Manager, Randy Wright

3

Label Matrix for local noticing
113A-6
Case 6:23-bk-00162-LVV
Middle District of Florida
Orlando
Tue Oct 10 17:37:05 EDT 2023

ACL Investment, LLC
c/o Law Offices of Damian G. Waldman, PA
10333 Seminole Blvd.
Units 1 & 2
Seminole, FL 33778-4210

American Honda Finance Corporation
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-1445

Anthony Ballas
c/o James A. Timko, Esq
Shutts & Bowen LLP
300 S. Orange Ave, Suite 1600
Orlando, FL 32801-3382

Brickell Bay Mortgage Real Estate Investment
c/o Law Offices of Damian G. Waldman, PA
10333 Seminole Blvd.
Units 1 & 2
Seminole, FL 33778-4210

Harris Guidi Rosner P.A.
1837 Hendricks Avenue
Jacksonville, FL 32207-3303

Roy S. Kobert
301 E. Pine St., Ste. 1400
Orlando, FL 32801-2741

Rapid Growth Holdings, LLC
c/o Michael A. Nardella, Esq
135 W. Central Blvd., Ste. 300
Orlando, FL 32801-2435

Judith Richards
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801-3382

TY Mortgage, LLC
c/o Law Offices of Damian G. Waldman, PA
10333 Seminole Blvd.
Units 1 & 2
Seminole, FL 33778-4210

Antonia Lemont Tate
3415 W. Lake Mary Blvd.
Suite 950702
Lake Mary, FL 32795-7530

ACL Investment, LLC
c/o Law Office of Damian G. Waldman
PO Box 5162
Largo, FL 33779-5162

Alfalah Investments LLC -
c/o Kosto & Rotella, PA
PO Box 113
Orlando, FL 32802-0113

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Brickell Bay Mortgage Real -
Estate Investment Trust, LLC
c/o Law Offices of Damian Waldman
PO Box 5162
Largo, FL 33779-5162

Bryan E. Buenaventura, Trial Attorney
Office of the United States Trustee
George C. Young Federal Building
400 W. Washington St., Suite 1100
Orlando, FL 32801-2210

Charles W. McBurney Jr., Esq
6320 St. Augustine Road, Suite 6B
Jacksonville FL 32217-2813

Charles W. McBurney, Jr.
Harris Guidi Rosner P.A.
1837
Jacksonville, FL 32207

Department of Education
400 Maryland Avenue, SW
Washington, DC 20202-0008

Florida Department of Revenue -
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Harris Guidi Rosner PA
c/o Budgen Law
PO Box 520546
Longwood, FL 32752-0546

Honda Financial Services
PO Box 15027
Atlanta, GA 30333-0027

I C Systems, Inc.
444 Hwy, 96 East
PO Box 64437
Saint Paul, MN 55164-0437

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service -
Post Office Box 7346
Philadelphia PA 19101-7346

(p)WACHOVIA BANK NA
MAC X2303-01A
1 HOME CAMPUS
1ST FLOOR
DES MOINES IA 50328-0001

Michael C. Boyce -
4938 Simmons Road
Orlando, FL 32812-8117

Navy Federal Credit Union -
P.O. Box 3000
Merrifield, VA 22119-3000

Navy Federal Credit Union
PO Box 3600
Merrifield, VA 22116-3600

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

```
Pinnacle Credit Services, LLC -        Robert Altman                    Sajid Munir -
Resurgent Capital Services             Subchapter V Trustee             c/o Kosto & Rotella, PA
PO Box 10587                           P.O. Box 922                     PO Box 113
Greenville, SC 29603-0587              Palatka, FL 32178-0922           Orlando, FL 32802-0113


TY Mortgage, LLC                       US Department of Education -     Wells Fargo
c/o Law Offices of Damian G. Waldman, PA   P O Box 16448                PO Box 10335
PO Box 5162                            St. Paul, MN 55116-0448          Des Moines
Largo, FL 33779-5162                                                    IA 50306-0335


Wells Fargo Bank                       Laurie K Weatherford +          Robert Altman +
d/b/a Wells Fargo Auto                 Post Office Box 3450            PO Box 922
c/o Matthew L. Schulis, Esq.           Winter Park, FL 32790-3450     Palatka, FL 32178-0922
621 S. Federal Highway, Suite 10
Fort Lauderdale FL 33301-3145


Robert B Branson +                     L Todd Budgen +                 Roy S Kobert +
BransonLaw PLLC                        Budgen Law Group                Gray Robinson, P.A.
1501 E. Concord Street                 PO Box 520546                   301 E. Pine Street, Suite 1400
Orlando, FL 32803-5411                 Longwood, FL 32752-0546         Orlando, FL 32801-2798


Raymond J Rotella +                    United States Trustee - ORL7/13 7 +   Bert Echols III +
Kosto & Rotella PA                     Office of the United States Trustee   Evans Petree, PC
Post Office Box 113                    George C Young Federal Building       1715 Aaron Brenner Drive, Suite 800
Orlando, FL 32802-0113                 400 West Washington Street, Suite 1100   Memphis, TN 38120-1445
                                       Orlando, FL 32801-2210


Michael A Nardella +                   Jeffrey Ainsworth +             Matthew L Schulis +
Nardella & Nardella, PLLC              BransonLaw PLLC                 Orlans PC
135 West Central Boulevard, Suite 300  1501 E. Concord Street          621 S. Federal Highway
Orlando, FL 32801-2435                 Orlando, FL 32803-5411          Suite 10
                                                                       Ft. Lauderdale, FL 33301-3145


Jacob D Flentke +                      James Timko +                   Damian Waldman +
Flentke Legal Consulting, PLLC         Dean, Mead, Egerton, Bloodworth, Capouan   Law Offices of Damian G. Waldman, P.A.
1501 E. Concord Street                 420 S Orange Avenue             10333 Seminole Boulevard, Units 1 & 2
Orlando, FL 32803-5411                 Suite 700                       Seminole, FL 33778-4210
                                       Orlando, FL 32801-4911


John J Bennett +                       Lori V. Vaughan +               Bryan E Buenaventura +
Nardella & Nardella, PLLC              Orlando                         DOJ-Ust
135 West Central Boulevard, Suite 300  , FL                           400 West Washington Street
Orlando, FL 32801-2435                                                 Ste 1100
                                                                       Orlando, FL 32801-2210


Jacob D Flentke +
BransonLaw, PLLC
1501 East Concord Street
Orlando, FL 32803-5411
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance Corporation -
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Internal Revenue Service
400 W. Bay Street
Suite 35045
Stop 5730
Jacksonville, FL 32202

Meridian Financial Services
PO Box 1410
Asheville, NC 28802-1410

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ALFALAH INVESTMENTS LLC

(u)SAJID MUNIR

(u)Wells Fargo Bank, N.A., d/b/a Wells Fargo

(d)Anthony Ballas -
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801-3382

(d)Harris Guidi Rosner P.A. -
1837 Hendricks Avenue
Jacksonville, FL 32207-3303

(d)Judith Richards -
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801-3382

(d)Rapid Growth Holdings, LLC -
c/o Michael A. Nardella, Esq.
135 W. Central Blvd., Ste. 300
Orlando, FL 32801-2435

(d)Robert Altman +
PO Box 922
Palatka, FL 32178-0922

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
----------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    54
Bypassed recipients     9
Total                  63