**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

ANTONIA LEMONT TATE,   Case No.: 6:23-bk-00162-LVV

    Debtor.   Chapter 7

_____/

**TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

    Robert Altman, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, moves the Court for entry of an Order compelling the Debtor, Antonia Lemont Tate (the "Debtor"), to turn over certain property of the estate, and in support thereof says:

    1.    On January 17, 2023 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief (the "Petition") (Doc. 1) under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, in the case styled *In re Antonia Lemont Tate*, Case No: 6:23-bk-00162-LVV (the "Bankruptcy Case").

73986132;1

2

2. On March 3, 2023, the Debtor filed an Amended Voluntary Petition for Relief under Chapter 11 of the of Title 11 of the United States Code and elected to proceed under Subchapter V (Doc. 47).

3. On October 18, 2023, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 233).

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

5. On the Petition, the Debtor, *inter alia*: (i) scheduled interests in personal property on Schedule A/B of the Petition (collectively, the "Personal Property") and (ii) claimed exemptions in, *inter alia*, the Personal Property on Schedule C of the Petition. The Debtor's Schedules A/B through J (Doc. 32) and Amended Schedule A/B (Doc. 163) (the "Amendment") are incorporated by reference herein.

6. Accordingly, to the extent that the Personal Property is not encumbered by a secured debt and the Debtor has not claimed the Personal Property exempt, the Personal Property is property of the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code, and the Debtor is required to turn over the Personal Property to the Trustee pursuant to Section 542 of the Bankruptcy Code.

7. On Schedule A/B, the Debtor scheduled interests in a wedding band and an Apple watch (collectively, the "Jewelry") in the amount of $750. The Debtor did not claim any exemptions in or schedule any liens on the Jewelry. Accordingly, the Jewelry is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, and the Debtor is required to turn over the Jewelry to the Trustee pursuant to 11 U.S.C. § 542.

8. On Schedule A/B, the Debtor scheduled interests in the following accounts: (i) Seacoast Bank checking account X0066 in the amount of $100.00; (ii) SouthState checking account X7105 in the amount of $505.95; and (iii) SouthState checking account X7161 in the amount of $1.00 (collectively, the "Accounts"). The Debtor did not claim any exemptions in the Accounts. Accordingly, the funds in the Accounts as of the Petition Date (the "Petition Date Funds") are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541 and the Debtor is required to turn over the Petition Date Funds in the Accounts to the Trustee pursuant to 11 U.S.C. § 542.

9. On Schedule A/B, the Debtor scheduled interest in the following business entities: Clean & Green Living LLC, 5613 NW 37th Lane Road, LLC, Antonia Tate, PLLC, Currency Cadets, LLC, Litchain Corp., Litchain Energy, Inc., Saltbloq, Inc., Tony Tate, PA, Jireh & Sharom Holdings, Inc., Saltbloq Global, Inc., Bloqology LLC, Bloq Hosting LLC, 289 Willis Street LLC, and 145 Palmetto Farms LLC (collectively, the "Business Interests"). The Debtor did not claim any exemptions in or schedule any liens on the Business Interests. Accordingly, the Business Interests are property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and the Debtor is required to turn over the Business Interests to the Trustee pursuant to 11 U.S.C. § 542.

10. The Trustee is filing an Objection to the Debtor's Claims of Exemptions (the "Objection") simultaneously herewith. The statements contained in the Objection are incorporated by reference herein. The Trustee respectfully requests the Court enter an Order compelling the Debtor to turnover to the Trustee any property determined not to be exempt through resolution of the Objection.

WHEREFORE, Robert Altman, Chapter 7 Trustee, respectfully requests the Court enter an Order compelling the Debtor to turnover to the Trustee the Personal Property to the extent that

73986132;1

the Personal Property is not encumbered or exempt, the Jewelry, Petition Date Funds in the Accounts, Business Interests, any Relief Payment, and any property determined not to be exempt through resolution of the Objection, and granting such other and further relief as the Court deems just and proper.

Dated: January 3, 2024

AKERMAN LLP

By: */s/ Raye C. Elliott*
    Raye C. Elliott, Esq.
    Florida Bar Number: 018732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, FL 33602
    Phone: (813) 223-7333
    Fax: (813) 223-2837

and

David E. Otero, Esq.
Florida Bar Number: 651370
Email: david.otero@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Phone: (904) 798-3700
Fax: (904) 798-3730

Attorneys for Robert Altman, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 3, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to:

Antonia Lemont Tate
3415 W. Lake Mary Blvd.
Suite 950702
Lake Mary, FL 32795

Antonia Lemont Tate
1056 Lakeside Estates
Apopka, FL 32703

*/s/ Raye C. Elliott*
Attorney

73986132;1