ORDERED.

Dated: February 16, 2024

_____
Lori V. Vaughan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| IN RE: | Case No.: 6:23-bk-00162-LVV |
| | Chapter 7 |
| ANTONIA LEMONT TATE, | |
| Debtor. | |
| _____/ | |

**ORDER GRANTING MOTION PURSUANT TO RULE 9019**
**APPROVING COMPROMISE AND SETTLEMENT OF RAPID**
**GROWTH HOLDINGS, LLC CLAIMS AGAINST DEBTOR (DOC. 207)**

THIS MATTER having come before the Court on January 23, 2024, pursuant to Rapid Growth Holdings, LLC ("RGH")*'s Motion Pursuant to Rule 9019 to Approve Compromise and Settlement of Rapid Growth Holdings, LLC Claims Against Debtor* (Doc. 207) (the "Motion"), together with the *Trustee's Joinder and Consent* (Doc. 280) (the "Joinder) as to Debtor-In-Possession, Antonia Lemont Tate ("Debtor") Accordingly, it is:

**ORDERED and ADJUDGED**

**1.**   The Motion is **GRANTED**, and the MSA (as defined in the Motion) is hereby **APPROVED**, effective immediately, subject to the additional terms of the Joinder.

2. The MSA and this Order constitute valid and binding obligations of the Debtor and his co-signer, non-debtor spouse Sherri Tate ("Sherri Tate").

3. Debtor and Sherri Tate are the current record title holders to the real property located at 1056 Lakeside Estates Drive, Apopka, Florida 32703, more particularly described as follows:

> **Lot 91, LAKESIDE PHASE 1 AMENDMENT 2 A REPLAT, according to the Plat thereof, as recorded in Plat Book 104, Page 4, inclusive, of the Public Records of Orange County, Florida**
>
> **Parcel ID No.: 08-21-28-4838-00910**

And as further identified in Document Nos. 20210584217 and 20220075261, as recorded in the Public Records of Orange County, Florida, and together with all fixtures and appliances (collectively, the "Homestead").

4. Within seven days of the date of this Order, Debtor and Sherri Tate shall convey marketable title to the Homestead in favor of Rapid Growth Holdings, LLC, or its assigns ("RGH"). Debtor, Sherri Tate, and any other party necessary to convey title shall execute any such additional documents as are necessary to transfer or cause to be transferred to RGH, all rights, title, equity and interest in the Homestead, together with all improvements now or hereafter located on said real property, with all fixtures and appliances. Debtor, Sherri Tate, and any other party necessary are further authorized and directed to sign all documents to effectuate the transfers, including any documents required by any title company to ensure that marketable title to the Homestead is conveyed to the RGH.

5. Immediately upon entry of this Order, RGH shall provide a form deed for the Debtor and Sherri Tate to execute and deliver to RGH as required by this Order. The Trustee shall not be required to execute any deed or other document in order for title to the Homestead to be

transferred to RGH. Upon timely execution of the deed, RGH shall properly record such deed to effect the transfer, and no other action shall be necessary for title to have vested in RGH, for purposes of title insurance or otherwise.

6. If, within seven (7) days of the date of this Order, Debtor and Sherri Tate have not both properly executed the provided deed or otherwise fully conveyed title to the Homestead to RGH, this Order shall serve as a full and final conveyance of the Homestead to RGH, and RGH is hereby authorized and directed to record this Order in the Official Records of Orange County, Florida, which Order shall act and shall be deemed a deed whereby Debtor and Sherri Tate hereby grant, bargain, release, and transfer all right, title, and interest in the Homestead (as more particularly described above) to Rapid Growth Holdings, LLC. All title insurance companies are notified that this Order shall constitute the effective and complete transfer of all right, title, and interest in the Homestead, with or without the execution of a deed by the Debtor and Sherri Tate.

7. Within seven (7) days of the date of this Order, and whether or not the Debtor and Sherri Tate shall have executed a deed, the Debtor and Sherri Tate, and any other person claiming possession or a right, title or interest in the Homestead through them, shall vacate the Homestead in its condition as of the date of the MSA, except for normal wear and tear, and shall leave in place all fixtures and appliances. Failure of the Debtor and Sherri Tate, and any other person claiming possession or a right, title, or interest in the Homestead through them, to so vacate the Homestead shall subject them to sanctions for contempt of this Court which may include penalties, fines, or incarceration and/or the issuance of a writ of possession to be enforced by the U.S. Marshals, or other designated law enforcement, and/or a bench warrant for their arrest.

8. RGH shall take title to the Homestead subject to any valid, pre-petition liens or encumbrances and subject to property taxes and may immediately sell, encumber, or otherwise

dispose of the Homestead.  Nothing in this Order, however, shall relieve the Debtor and/or Sherri Tate from their *in personam* obligations in the MSA related to any such encumbrances.

9. In light of the conversion of this case to chapter 7, all provisions regarding the Debtor's Plan in the MSA are no longer operative and are moot.

10. Adversary Proceeding Case No. 6:23-ap-00044-LVV shall be and is hereby dismissed with prejudice.  The Debtor is authorized and directed to file such pleadings as necessary, but in the event such pleadings are not filed, the Court shall direct the Clerk to close the matter.

11. The releases provided for in the MSA by Debtor and Sherri Tate to RGH, et al., are hereby immediately effective and Debtor and Sherri Tate shall immediately dismiss with prejudice the counterclaims brought against RGH, et al., in Case No. 2022-CA-01635, before the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida (the "State Court Action"). Should the Debtor and Sherri Tate fail to promptly dismiss all counterclaims in the State Court Action, RGH may file this Order in the State Court Action and request the counterclaims be dismissed with prejudice.

12. In addition to the dismissal with prejudice of all counterclaims in the State Court Action, the Debtor, Sherri Tate, and all entities operating under the Debtor, including Litchain Corp., shall dismiss the Appeal of the State Court Action, Case No. 6D23-1740, pending before the Sixth District Court of Appeal (the "Appeal") as moot.  Should they fail to promptly file for dismissal of the Appeal, RGH may file this Order with the District Court of Appeal and request that the Appeal be dismissed with prejudice.

13. Upon the effective transfer of title to the Homestead to RGH and upon the Debtor and Sherri Tate vacating the Homestead as provided herein, and upon the dismissal with prejudice

of the counterclaims in the State Court Action, and the dismissal with prejudice of the Appeal, RGH shall cause to be filed a satisfaction of judgment for the Judgment of Foreclosure in the State Court Action and the State Court Action shall be otherwise resolved and closed as moot.

14. Per the Joinder, upon the effective transfer of title to the Homestead to RGH and upon the Debtor and Sherri Tate vacating the Homestead as provided herein, RGH will withdraw Claim 13-1 in its entirety.

15. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Consistent with Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and this Order should become effective instantaneously. Cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004.

16. The Court retains jurisdiction to enforce the terms of this Order and any other terms of the MSA.

Attorney Michael A. Nardella is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.