

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

# PRO MEMO

03/06/2024 01:30 PM

COURTROOM   6C, 6th Floor

**HONORABLE LORI VAUGHAN**

| CASE NUMBER: | FILING DATE: |
|---|---|
| 6:23-bk-00162-LVV         7 | 01/17/2023 |

**Chapter 7**

**DEBTOR:**   Antonia Tate

**DEBTOR ATTY:**   Justin Clark

**TRUSTEE:**   Robert Altman

**HEARING:**

1) Trustee's Motion for Turnover of Property - specifically: the Personal Property to the extent that the Personal Property is not encumbered or exempt, the Jewelry, Petition Date Funds in the Accounts, Business Interests, any Relief Payment, and any property determined not to be exempt through resolution of the Objection (Doc #279)
2) Trustee's Objection to Debtor's Claim of Exemptions (Doc #278)
Note:
Order Approving Compromise with Rapid Growth (AP 23-44) entered 2/21/24 (Doc #304)
Claim Objections and Fee Apps Abated
Related APs:
23-ap-36, Sajid Munir & Alfalah Investments v Tate
23-ap-44, Tate v Rapid Growth Holdings, B Wheeler and J Iverson - Compromise
23-ap-66, Alfalah v. Tate, Saltbloq, et al.
Prior Cases:
3:05-bk-3737-GLP, filed 4/13/15, Dismissed for failure to attend 341 meeting 6/28/05
3:05-bk-9010-GLP, filed 8/24/05, dismissed for failure to make plan payments 12/29/06
3:04-bk-10673-GLP, filed 10/20/04, dismissed for failure to make plan payments 2/8/05

**APPEARANCES:**:Wayne Spivak: Debtor; Raye Elliott: Trustee Atty; Robert Altman: Ch 7 Trustee;   Bryan Buenaventura: UST; Larry Kosto: Sajid Munir & Alfalah **RULING:**
1) Trustee's Motion for Turnover of Property - specifically: the Personal Property to the extent that the Personal Property is not encumbered or exempt, the Jewelry, Petition Date Funds in the Accounts, Business Interests, any Relief Payment, and any property determined not to be exempt through resolution of the Objection (Doc #279)-   Granted as discussed; Order by Elliott

2) Trustee's Objection to Debtor's Claim of Exemptions (Doc #278)-   Sustained to the extent of joint debts- Order by Elliott

Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). Failure to submit proposed orders before this case/adversary proceeding is closed will result in motions/objections/applications being denied as moot. This docket entry/document is not an official order of the Court.