**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:

ANTONIA LEMONT TATE

    Debtor.
_____/

Case No.: 6:23-bk-00162-LVV
Chapter 11
Subchapter V

## MOTION TO ENFORCE THE COURT'S FEBRUARY 21, 2024 ORDER (DOC. 304) AND FOR CONTEMPT OF COURT, WITH INCORPORATED MEMORANDUM OF LAW

Creditor, RAPID GROWTH HOLDING, LLC ("Creditor"), by and through its undersigned counsel, files this motion to enforce the Court's February 21, 2024 Order (Doc 304) and for contempt of Court, against the Debtor, ANTONIA TATE, and his spouse, SHERRI TATE (collectively, the "Tates"), and in support states as follows:

### INTRODUCTION

Creditor and the Tates previously entered into a settlement agreement that this Court approved through its February 21, 2024 Order (Doc.304) (the "Order"). The Tates individually signed the settlement agreement that was approved by the Order and agreed to its submission before the Court. When entering the Order, the Court maintained jurisdiction to enforce its terms. (Order ¶16). That Order established a series of tasks for the Tates to complete within particular timeframes. Without reason or excuse, the Tates failed to timely complete any of the required tasks. For example, it was not until Friday, March 22, 2024, that the Tates finally delivered the deed to the Homestead. That task was required to be completed on or before February 28, 2024. (Order ¶7). The Tates even violated the settlement agreement by failing to pay the required real estate taxes. To this day Tates have still refused to vacate the Homestead or state a date and time

that he will be out. The Tates have also refused to dismiss the pending state court and appellate actions without any justification or excuse.

The Tates' repeated bad faith refusal to comply with the Order warrants action by this Court to enforce compliance. That includes removal of the Tates from the Homestead property, holding the Tates in contempt for not vacating the Homestead and refusing to dismiss the pending state court and appellate cases, issuing a fine in the amount of $5,000.00 as a penalty for holding over in the Homestead for over a month as well as a daily fine of $100.00 for not dismissing their counterclaims and appeal, and awarding Creditor its attorney's fees and costs for being forced to bring this motion.

## ARGUMENT

It is axiomatic that a bankruptcy court necessarily has the power to enforce its own orders. 11 U.S.C. § 105; *see also Golf Club at Bridgewater, L.L.C v. Whitne Bank*, Bankruptcy Court Case No. 8?09-bk-10430-CED, 2013 WL 1193182, *4 (M.D. Fla. March 22, 2013). The Court's exercise of that power in the instant case is necessary to obtain the Tates' compliance with the February 21, 2024 Order.

**I.  THE TATES' WILLFUL DISREGARD OF ORDER TO VACATE THE HOMESTEAD**

The most urgent matter is that the Tates have failed to vacate the Homestead nearly a month after their deadline expired. Paragraph 7 of the Order directed Tony Tate and Sherri Tate to "vacate the Homestead in its condition as of the date of the MSA, except for normal wear and tear, and shall leave in place all fixtures and appliances." That was to be completed "[w]ithin seven (7) days of the date of this Order." *Id.* That move out deadline was February 28, 2024. Debtors are over a month beyond the Court imposed deadline.

The Order warned Debtors that:

> Failure of the Debtor and Sherri Tate, and any other person claiming possession or a right, title, or interest in the Homestead through them, to so vacate the Homestead shall subject them to sanctions for contempt of this Court which may include penalties, fines, or incarceration and/or the issuance of a writ of possession to be enforced by the U.S. Marshalls, or other designated law enforcement, and/or a bench warrant for their arrest.

(Order ¶7) (emphasis added).

Due to the Tates' persistent violations of the Orders commands to vacate the Homestead, this Honorable Court should issue a writ of possession to be enforced by the U.S. Marshalls, or other designated law enforcement, an order holding the Tates in contempt, impose a fine of $5,000.00 for holding over in the Homestead for over a month, issue a bench warrant for the arrest of the Tates until they come into full compliance with the Order, award Creditor its attorney's fees and costs, and all other remedies as may be necessary to obtain compliance with the Order.

**II.    DEBTORS FAILED TO DISMISS THEIR APPEAL OR STATE COURT CLAIMS**

The Tates were further required to dismiss their pending claims in state court and their appeal. Paragraph 11 of the Order directed that the Tates "shall immediately dismiss with prejudice the counterclaims brought against RGH, et al., in Case No. 2022-CA-01635, before the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida (the "State Court Action')." Similarly, Paragraph 12 directed that the Tates "shall dismiss the Appeal of the State Court Action (the 'Appeal') as moot." Both paragraphs 11 and 12 provided that Creditor "may" opt to file the Order in both actions if the Tates refuse to comply. (Order ¶¶11, 12).

Here, the Tates have refused to dismiss their claims and their appeal. That is notwithstanding the fact that Creditor served their legal counsel with the Order and asked for a dismissal, as required by paragraphs 11 and 12 of the Order.

The Court should issue an order holding the Tates in contempt for violating the Order, impose a fine of $100.00 per day for each day that the Tates leave their claims and appeals pending,

issue a bench warrant for the arrest of the Tates until they fully comply with the Order, award Creditor its attorney's fees and costs incurred in obtaining compliance with the Order, and grant all other remedies as may be necessary to obtain compliance with the Order.

### III.    CONCLUSION

WHEREFORE, the creditor, RAPID GROWTH HOLDING PARTNERS, LLC, hereby respectfully requests that this Honorable Court enter all writs and orders as necessary to obtain compliance from Debtor, ANTONIA TATE, and his spouse, SHERRI TATE, with its Order, entered February 21, 2024, including, without limitation, writs of possession of the Homestead, holding the Tates in contempt, imposing a fine of $5,000.00 for refusing to vacate the Homestead for over a month plus a daily fine of $100.00 for each day that the Tate's counterclaims and appeal are past-due to be dismissed, issuing a bench warrant for the arrest of the Tates until they fully comply with the Order, awarding Creditor its attorney's fees and costs, and granting all other remedies as may be necessary to obtain compliance with the Order.

Dated: March 28, 2024                                                    Respectfully submitted,

<p style="margin-left: 50%">
<u>/s/ Michael A. Nardella</u><br>
Michael A. Nardella, Esq.<br>
Florida Bar No. 51265<br>
**Nardella & Nardella, PLLC**<br>
135 West Central Blvd., Ste. 300<br>
Orlando, FL 32801<br>
(407) 966-2680<br>
mnardella@nardellalaw.com<br>
msayne@nardellalaw.com<br>
<br>
***Counsel for Rapid Growth Holdings, LLC***
</p>

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2024, a true and correct copy of this Motion has been furnished via (i) CM/ECF to all parties registered to receive electronic notification; and (ii) via first class, United States mail, postage prepaid to Debtor, Antonia Lemont Tate at the following addresses: 3415 West Lake Mary Blvd. Suite 950702, Lake Mary, FL  32795 and 1056 Lakeside Estates Dr., Apopka, FL  32703 and non-debtor spouse, Sherri Tate, 1056 Lakeside Estate, Dr., Apopka, FL 32703.

                                                                  */s/ Michael A. Nardella*
                                                                  Michael A. Nardella, Esq.