**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

ANTONIA LEMONT TATE,                                    Case No.: 6:23-bk-00162-LVV

              Debtor.                                    Chapter 7

_____/

### TRUSTEE'S MOTION TO COMPEL COMPLIANCE WITH ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

Robert Altman, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, moves the Court for entry of an Order compelling the Debtor, Antonia Lemont Tate (the "Debtor"), to comply with the Court's March 22, 2024 Order Granting Trustee's Motion for Turnover of Property of the Estate (Doc. 320) (the "Turnover Order"). In support, the Trustee states as follows:

1.      On January 17, 2023 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief (the "Petition") (Doc. 1) under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, in the case styled *In re Antonia Lemont Tate*, Case No: 6:23-bk-00162-LVV (the "Bankruptcy Case").

2.      On March 3, 2023, the Debtor filed an Amended Voluntary Petition for Relief under Chapter 11 of the of Title 11 of the United States Code and elected to proceed under Subchapter V (Doc. 47).

3.      On October 18, 2023, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 233).

4.       On January 3, 2024, the Trustee filed his Motion for Turnover of Property of the Estate (Doc. 279) (the "Turnover Motion") requesting that the Court order the Debtor to turnover the personal property on Schedule A/B of the Petition that is not encumbered or exempt.

5.      On March 22, 2024, the Court entered the Turnover Order which required the Debtor to turn over to the Trustee or his designated representative the following property listed on Debtor's Schedule A/B (Doc. 32) and Amended Schedule A/B (Doc. 163) (collectively, the "Non-Exempt Property"):

a.   Jewelry;

b.   All funds in Seacoast Bank account ending in 0066 as of January 17, 2023 (the "Petition Date");

c.   All funds in SouthState Bank account ending in 7105 as of the Petition Date;

d.   All funds in SouthState Bank account ending in 7161 as of the Petition Date;

e.   The Debtor's interest in the following Business Interests:

   i.   Clean & Green Living LLC;

   ii.   5613 NW 37th Lane Road, LLC;

   iii.   Antonia Tate, PLLC;

   iv.   Currency Cadets, LLC

   v.    Litchain Corp.;

   vi.    Litchain Energy, Inc.,

   vii.   Saltbloq, Inc.;

   viii.   Tony Tate, PA;

   ix.   Jireh & Sharom Holdings, Inc.;

   x.   Saltbloq Global, Inc.;

   xi.   Bloqology LLC;

   xii.   Bloq Hosting LLC;

   xiii.   289 Willis Street LLC;

      xiv.   145 Palmetto Farms LLC;

      xv.   Pacolet Project I, LLC; and

      xvi.   Gaffney Project II, LLC

For each of the above listed business entities, the Debtor was ordered to turn over the original stock and membership certificates for each entity, corporate or LLC minutes of stockholder or LLC meetings, and the stock and LLC membership registries.

      f.   All property determined not to be exempt pursuant to the Trustee's Objection to Debtor's Claims of Exemptions (Doc. 278) as follows:

      i.   Household goods;

      ii.   Electronics;

      iii.   Sports and exercise equipment.

Turnover Order at ¶ 2. The Turnover Order required the Debtor to turnover the Non-Exempt Property by March 29, 2024.  Turnover Order at ¶ 2. The Debtor was served with a copy of the Turnover Order by United States mail on March 25, 2024. *See* Proof of Service (Doc. 321).

6.      The Debtor failed to turn over the Non-Exempt Property to the Trustee by March 29, 2024.

7.      The Trustee's counsel and Debtor's counsel have preliminarily discussed a proposed buyback of the Non-Exempt Property, but as of the filing of this Motion, the Debtor has not turned over the Non-Exempt Property or agreed to buy back the Non-Exempt Property.

8.      Accordingly, the Trustee seeks an Order compelling turnover of the Non-Exempt Property.

76040655;1

9.      Additionally, the Trustee should be awarded his attorneys' fees incurred as a result of the Debtor's intentional and willful defiance of the Turnover Order, and his expenses reasonably and necessarily incurred in the attempt to enforce compliance of the Turnover Order.

WHEREFORE, the Trustee, Robert Altman, respectfully requests entry of an Order compelling the Debtor to comply with the Turnover Over and awarding the Trustee his reasonable attorneys' fees and costs incurred in the filing of this Motion.

Dated:  April 19, 2024                    AKERMAN LLP

By: */s/ Raye C. Elliott*
    Raye  C. Elliott, Esq.
    Florida Bar Number: 018732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, FL 33602
    Phone:  (813) 223-7333
    Fax:  (813) 223-2837

    and

    David E. Otero, Esq.
    Florida Bar Number:  651370
    Email: david.otero@akerman.com
    50 North Laura Street, Suite 3100
    Jacksonville, Florida 32202
    Phone:  (904) 798-3700
    Fax:  (904) 798-3730

    Attorneys for Robert Altman, Chapter 7 Trustee

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 19, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to:

Antonia Lemont Tate                          Antonia Lemont Tate
3415 W. Lake Mary Blvd.                   1056 Lakeside Estates
Suite 950702                                      Apopka, FL 32703
Lake Mary, FL 32795

*/s/ Raye C. Elliott*
Attorney